## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| LOCAL 309, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO; Trustees of the LOCAL 309 ELECTRICAL HEALTH AND WELFARE FUND; Trustees of the LOCAL 309 WIREMAN'S PENSION TRUST; Trustees of the LOCAL 309 VACATION TRUST FUND; Trustees of the SOUTHWESTERN ILLINOIS JOINT APPRENTICESHIP AND TRAINING COMMITTEE; Trustees of the LOCAL 309, IBEW INCOME SECURITY FUND; the NECA-IBEW NATIONAL LABOR MANAGEMENT COOPERATION COMMITTEE; and the ADMINISTRATIVE MAINTENANCE FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Cause No: 3:16-cv-1224 |
| | ) | |
| vs. | ) | |
| | ) | |
| LIL ROCK ELECTRICAL CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) ) | |

## COMPLAINT
## PARTIES

1.      As set forth more fully below, Plaintiffs are trustees of various employee welfare, pension, and other benefit plans and funds ("Funds").

2.      Plaintiff, Local 309 International Brotherhood of Electrical Workers, AFL-CIO ("Local 309"), is a voluntary unincorporated association with its principal office in Collinsville, Illinois.  Local 309 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes.  It is a labor organization in an industry affecting commerce within the meaning of the

1

as defined in Sections 501(1) and (3) of the LMRA, 29 U.S.C. §§ 142(1) and (3), and Section 2(2) of the LMRA, 29 U.S.C. § 152(2), and within the meaning of Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

3.      Local 309's duly authorized officers and agents are engaged in representing employee members within the Southern District of Illinois.

4.      Defendant Lil Rock Electrical Construction, Inc. ("Defendant") is incorporated and existing under the laws of the State of Illinois.

5.      At all times relevant to this action, Defendant has been engaged in the electrical construction and maintenance business with principal place of business at 10243 Fuesser Road, Mascoutah, Illinois 62258.

6.      Defendant is an employer in an industry affecting commerce as defined in Sections 501(1) and (3) of the LMRA, 29 U.S.C. §§ 142(1) and (3), and Section 2(2) of the LMRA, 29 U.S.C. § 152(2), Section 301 of the LMRA, as amended, 29 U.S.C. § 185, and within the meaning of Section 3(5) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(5).

## FACTS COMMON TO ALL COUNTS

### Collective Bargaining Relationship
### Between Defendant and Local 309

7.      On March 1, 1999, Allen B. Rakers, President of Lil Rock Electrical Construction, Inc., signed a "Letter of Assent-A" binding Defendant to the Inside Labor Agreement then in effect, and all subsequent Inside Labor Agreements between Local 309 and the Southwestern Illinois Division, Illinois Chapter of the National Electrical Contractors Association (herein "NECA"), unless proper notice was provided.  (Ex. A.).

2

8.      By signing the Inside Letter of Assent-A, the Defendant authorized NECA to collectively bargain on its behalf for all matters contained in or pertaining to the current and any subsequently approved Inside Labor Agreements between NECA and Local 309.  (Ex. A.)

9.      The authorization provided by this Letter of Assent-A remains in effect until the signatory employer terminates it by giving written notice to NECA and Local 309 "at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement."  (Ex. A.)

10.     On May 8, 2015, Allen Rakers, on behalf of Defendant, sent a letter to NECA and Local 309 purporting to terminate the authorization of NECA to bargain on Defendant's behalf as of the August 30, 2015 expiration of the 2012-2015 Inside Labor Agreement then in effect. (Ex. B.)  A full and accurate copy of the 2012-2015 Inside Labor Agreement is attached as Exhibit C.

11.     Because Defendant's May 8, 2015 letter was provided less than 150 days prior to August 30, 2015, Defendant did not provide timely written or other notice to NECA and Local 309 of its desire to withdraw its bargaining rights from NECA.

12.     Local 309 and NECA entered into new Inside Labor Agreement effective from August 31, 2015 through September 1, 2019.  A full and accurate copy of the 2015-2019 Inside Labor Agreement is attached as Exhibit D.

13.     Because Defendant did not withdraw its authorization by timely written notice to NECA and Local 309, Defendant became bound to the 2015-2019 Inside Labor Agreement.

## Contribution Obligation

14.     During all times material herein, Defendant has been obligated by the provisions of the Inside Labor Agreements to file reports and pay the monthly contributions due to the

3

employee benefit trust funds covered by this Complaint for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans and to withhold authorized working dues from the paychecks of covered employees, and to report and pay those dues monthly along with the employee benefit contributions.

15.     The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the Inside Labor Agreements by reference.

16.     At all times material herein, Defendant has employed bargaining unit employees and other individuals performing work covered by the Inside Labor Agreements.

**Initial Payroll Audit of Defendant**

17.     Beginning in October 2015, the Plaintiffs initiated an independent payroll examination of Defendant for the period from January 1, 2010 through August 30, 2015 to determine the accuracy of the hours and wages reported by Defendant and to ascertain whether there were unreported hours and wages on which contributions were due.

18.     Based on the documents provided by Defendant and the reports filed by Defendant, in a report dated June 7, 2016, Plaintiffs' independent auditors determined that Defendant failed to fully report and pay the wages earned by its bargaining unit employees and the contributions due to Plaintiffs on hours worked by Defendant's bargaining unit employees for the period from January 1, 2010 through August 30, 2015 ("June 7, 2016 Audit").

**Local 309's Grievance**

19.     Sections 1.05 through 1.08 of the Inside Labor Agreements contain a grievance procedure for the resolution of grievances between Local 309 and Employers ending in a final and binding determination by a majority vote of the Southwestern Illinois Division, NECA and Local 309 Joint Labor-Management Committee ("Committee").  (Ex. C and D).

20.     On June 10, 2016, Local 309 filed a grievance against Defendant for (a) Defendant's failure to pay contract wage rates, employee benefit contributions, and union dues in violation of the provisions of the Inside Labor Agreement for the period from January 1, 2010 through August 30, 2015, as detailed in the June 7, 2016 Audit; and (b) Defendant's refusal to recognize that it was a current signatory and Defendant's refusal to comply with the terms of the 2015-2019 Inside Labor  Agreement.

21.     The Union and Defendant could not resolve the grievance themselves and referred it to the Committee in accordance with the grievance procedure contained in the Inside Labor Agreements.

22.     On July 12, 2016, at a hearing before the Committee, Defendant Lil Rock Electrical Construction contested the classifications of employees included in the June 7, 2016 Audit.

23.     Following the July 12, 2016 hearing, the Committee ordered Defendant to provide all documents contesting the classifications of employees included in the June 7, 2016 Audit to Plaintiffs' independent auditors by July 15, 2016 and held that the Committee would reconvene on July 25, 2016 to make a determination regarding the grievance.  (Ex. E ).

24.     On July 15, 2016, Defendant submitted documents and affidavits contesting the classifications of employees included in the June 7, 2016 Audit to Plaintiffs' independent auditors in response to the Committee's July 12, 2016 order.

25.     Based on the documents and affidavits provided by Defendant, Plaintiffs' independent auditors issued a revised audit report dated July 25, 2016 ("July 25, 2016 Revised Audit").  (Ex. F).

26.     On July 25, 2016, the Committee reconvened the grievance hearing to consider the July 25, 2016 Revised Audit and the affidavit of Local 309 Business Manager Tim Evans. (Ex. F and G).   Defendant did not appear at the reconvened grievance hearing.

27.     Based on the July 25, 2016 Revised Audit and the affidavit of Local 309 Business Manager Tim Evans, the Committee held that:

a.     Defendant's "attempt to terminate the Letter of Assent A was not timely, and therefore is given no effect" and that Defendant "is bound to the current Inside Agreement which remains in effect until September 1, 2019;"

b.     Defendant owes $156,673.63 in back wages to employee Alex Rakers, $13,053.32 in back wages to employee Allen Rakers, $4,089.05 in back wages to employee Kyle Bond, and $2,818.20 in back wages to employee Steven Webb;

c.     Defendant "owes $18,599.00 in union dues to Local 309 which the Employer did not deduct from the employee's wages in accordance with Article II, Section 2.20 of the Inside Agreement;"

d.     Defendant owes contributions to the Plaintiff Funds for the period from January 1, 2010 through August 31, 2015 and "interest and liquidated damages for the unpaid contributions . . . based upon the terms of the applicable Plans and Funds documents and as determined by the Employee Benefit Plans and Funds;" and

e.     Defendant "is directed to file timely and accurate reports for all months starting in September 2015 to date and to timely and accurately pay wages and contributions to the Employee Benefit Plans in accordance with this Award and the Inside Agreement."

A copy of the Committee's July 25, 2016 Award is attached as Exhibit H.

## COUNT I – COMPLAINT TO ENFORCE ARBITRATION AWARD

**COMES NOW** Plaintiff, Local 309, and for its cause of action states:

28.     Plaintiff realleges and incorporates as part of Count I paragraphs 1-27 as if set out herein in full.

29.     Plaintiff Local 309's claims arise under Section 301 of the LMRA, 29 U.S.C. § 185, which provides that Federal District Courts have jurisdiction over suits brought by a labor organization.

30.     Venue is proper within this District and Division in that the practices alleged to be unlawful were committed in this judicial district. 28 U.S.C. § 1391(a).

31.     Local 309 sent a copy of the Committee's July 25, 2016 Award to Defendant in July 2016 via certified mail, which Defendant received on August 3, 2016.

32.     To date, Defendant has not complied with the Committee's July 25, 2016 Award and has not paid the back wages and contributions due.  Defendant's failure to pay all amounts due under the Committee's July 25, 2016 Award is a breach of the 2015-2019 Inside Labor Agreement and a violation of Section 301 of the LMRA, as amended 29 U.S.C. § 185.

33.     Defendant is estopped from challenging the Committee's July 25, 2016 Award.

**WHEREFORE**, Local 309 prays for an order and judgment against Defendant:

A.     Enforcing the Committee's July 25, 2016 Award;

B.     Ordering Defendant to pay $156,673.63 in back wages to employee Alex Rakers, $13,053.32 in back wages to employee Allen Rakers, $4,089.05 in back wages to employee Kyle Bond, and $2,818.20 in back wages to employee Steven Webb;

C.     Ordering Defendant to pay $18,599.00 in union dues to Local 309 for the period from January 2010 to August 2015;

7

D.      Ordering Defendant to pay contributions to the Plaintiff Funds for the period from January 1, 2010 through August 31, 2015 and "interest and liquidated damages for the unpaid contributions . . . based upon the terms of the applicable Plans and Funds documents and as determined by the Employee Benefit Plans and Funds;

E.      Ordering Defendant to file reports and pay contributions to the Plaintiff Funds and working dues to Local 309 for the period from September 2015 forward;

F.      Ordering Defendant to pay the Union's attorneys' fees and costs related to this Complaint to Enforce; and

G.      For such further relief as the Court deems just, appropriate and equitable.

## COUNT II – FAILURE TO SUBMIT REPORTS AND PAY CONTRIBUTIONS AND WORKING DUES

**COME NOW** Plaintiffs, Local 309, the Trustees of the Local 309 Electrical Health and Welfare Fund ("Health and Welfare Fund"), Trustees of the Local 309 Wireman's Pension Trust ("Pension Fund"), Trustees of the Local 309, IBEW Income Security Fund, Trustees of the Southwestern Illinois Joint Apprenticeship and Training Committee ("JATC"),  Trustees of the IBEW, Local 309 Vacation Trust Fund ("Vacation Fund"), Trustees of the National Electrical Benefit Fund ("NEBF"), the NECA-IBEW National Labor Management Cooperation Committee ("NLMCC"), and the Illinois Chapter NECA, on behalf of the Administrative Maintenance Fund ( "AMF") (hereinafter, "Funds"), and for their cause of action state:

34.     The Plaintiff Funds re-allege and incorporate paragraphs 1-27 and 30 -33 of the Complaint as if set out hereafter in full.

35.     Plaintiffs Tim Evans, Charles W. Busch, Bradford Barnes, Gary Bland, Ken Keeney, and Matthew Eichholz are Trustees of the Health and Welfare Fund, a multi-employer,

"employee welfare benefit plan" as defined in Sections (3)(1) and 515 of ERISA, 29 U.S.C. §§ 1002(1) and 1145, created and maintained pursuant to Section 302(c)(5) of the LMRA, as amended, 29 U.S.C. § 186(c)(5).

36.     Plaintiffs, Chris Weir, Darrell Groom, Tim Evans, Robert Snell, Joe Barnard, and Thomas R. Wissehr, are Trustees of the Pension Fund, a multi-employer, "employee pension benefit plan" as defined in Section (3)(2) and 515 of ERISA, 29 U.S.C. §§ 1002(2) and 114, created and maintained pursuant to Section 302(c)(5) of the LMRA, as amended, 29 U.S.C. § 186(c)(5).

37.     Plaintiffs Tim Evans, Charles W. Busch, Bradford Barnes, Gary Bland, Ken Keeney, and Matthew Eichholz are Trustees of the Income Security Fund, a multi-employer, "employee welfare benefit plan" as defined in Sections (3)(1) and 515 of ERISA, 29 U.S.C. §§ 1002(1) and 1145, created and maintained pursuant to Section 302(c)(5) of the LMRA, as amended, 29 U.S.C. § 186(c)(5).

38.     Plaintiffs Chris Weir, Jason Steif, Chris Huckins, Jeff Kleinschmidt, Larry Glaenzer, and Leslie Benton are Trustees of the JATC, a multi-employer, "employee welfare benefit plan" as defined in Sections (3)(1) and 515 of ERISA, 29 U.S.C. §§ 1002(1) and 1145, created and maintained pursuant to Section 302(c)(5) of the LMRA, as amended, 29 U.S.C. § 186(c)(5).

39.     Plaintiffs Tim Evans, Charles W. Busch, Bradford Barnes, Gary Bland, Ken Keeney, and Matthew Eichholz are Trustees of the Vacation Fund, a multi-employer, "employee welfare benefit plan" as defined in Sections (3)(1) and 515 of ERISA, 29 U.S.C. §§ 1002(1) and 1145, created and maintained pursuant to Section 302(c)(5) of the LMRA, as amended, 29 U.S.C. § 186(c)(5).

9

40.     Plaintiffs Lonnie R. Stephenson, David A. Hardt, John Grau, Salvatore Chilia, and Dennis Quebe are the Trustees of the NEBF, a multi-employer, "employee pension benefit plan" as defined in Sections 3(2) and 515 of ERISA, 29 U.S.C. §§ 1002(2) and 1145, created and maintained pursuant to Section 302(c)(5) of the LMRA, as amended 29 U.S.C. § 186(c)(5).

41.     Plaintiffs named above, and any subsequently appointed successors, are Trustees of the respective Plans and fiduciaries under Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1 132(g)(2).

42.     Plaintiff NLMCC is an industry-wide labor management committee under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), and is not covered by ERISA. The Illinois Chapter NECA office in Springfield, Illinois assists in assuring the reporting and payment of contributions to the NLMCC. Billy Serbousek, Executive Vice President, Illinois Chapter, NECA, is the Collection Agent of the NLMCC.

43.     Plaintiff AMF is administered by the Illinois Chapter NECA and was established for the purpose of administration of the labor agreement, and is not covered by ERISA.

44.     This action arises under Section 301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

45.     Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered.  Defendant resides in the Southern District of Illinois.

46.     For various months from November 2006 through December 2012, Defendant filed reports but failed to timely pay the reported contributions due to the Plaintiff Funds for hours worked by Defendant's bargaining unit employees as required by the Inside Labor Agreements.  Defendant's failure to timely file reports and pay contributions for various months from November 2006 through December 2012 is a violation of the Inside Labor Agreements and ERISA.

47.     Based on the July 25, 2016 Revised Audit and the Committee's July 25, 2016 Award, it was determined Defendant owed underreported and underpaid contributions and working dues under the Labor Agreements to the Plaintiff Funds for the period from January 1, 2010 through August 31, 2015.  Defendant's failure to pay these underreported and underpaid contributions is a continuing violation of the Inside Labor Agreements and ERISA.

48.     For the period from September 1, 2015 forward, Defendant has failed to file reports or pay contributions and working dues owed to the Plaintiff Funds as required by the Labor Agreements and ERISA.  Defendant's failure to fully pay these contributions is a continuing violation of the Inside Labor Agreements and ERISA.

49.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and the Labor Agreements and the Agreements and Declarations of Trust incorporated therein, Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on late paid and unpaid contributions owed to the employee benefit trust funds.

50.     Unless stated otherwise in this Complaint, the Trustees of the Plaintiff Funds have duly established liquidated damages and interest to be applied to any contribution that is not paid when due.

51.     Defendant will owe a certain amount in interest and liquidated damages on its late paid contributions for various months from November 2006 through December 2012, interest and liquidated damages on the underreported and unpaid contributions for the period of January 1, 2010 through August 30, 2015, and the unreported and unpaid contributions for the period from September 2015 forward.  The Plaintiff Funds cannot calculate the total amount of interest and liquidated damages on these late paid and unpaid contributions until Defendant pays the unpaid contributions.

52.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements incorporated into the Labor Agreements, Defendant is obligated to pay attorneys' fees and costs incurred by the Plaintiff Funds in collecting unpaid contributions.

**WHEREFORE,** the Trustees of the Plaintiff Funds pray for an order and judgment against Defendant:

A.     For payment of the of the interest and liquidated damages owed by Defendant to the Plaintiff Funds on the late paid contributions for the period from November 2006 through December 2012;

B.     For payment of all underreported and underpaid contributions and working dues owed by Defendant to the Plaintiff Funds for the period from January 1, 2010 through August 31, 2015, as identified in the July 25, 2016 Revised Audit and the Committee's July 25, 2016 Award;

C.     For payment of the interest and liquidated damages owed by Defendant to the Plaintiff Funds on the underreported and underpaid contributions due for the period from January 1, 2010 through August 31, 2015, as identified in the July 25, 2016 Revised Audit and the Committee's July 25, 2016 Award;

D.      Compelling and enjoining Defendant to specifically perform its obligation under the Inside Labor Agreement to file reports with the Plaintiff Funds for the period from September 2015 forward and to pay the contributions dues as shown in those reports;

E.      For payment of the interest and liquidated damages owed by Defendant to the Plaintiff Funds on the unreported and unpaid contributions due for the period from September 2015 forward;

F.      Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

G.      For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

 _/s/ Natalie J. Teague_____
Natalie J. Teague (61297MO)
Matthew B. Leppert (IL Bar No. 06283363)
1221 Locust Street, Second Floor
St. Louis, Missouri 63103
(314) 621-2626
FAX: (314) 621-2378
njt@schuchatcw.com
mbl@schuchatcw.com